## JACK GRIGSBY *v.* THE STATE.

LIMITATION. — The evidence in a theft case showed that the offence was committed "on the —— day of ——, 187–." *Held,* that such a date, though imputable to inadvertence, necessitates the reversal and remand of the case.

APPEAL from the District Court of Uvalde.    Tried below before the Hon. T. M. PASCHAL.

The indictment was for cattle-theft.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.    This case is but another example of the necessity of reversing a judgment because of inattention to the details of a trial and in preparing the transcript for inspection on appeal.    The defect in the present case consists in the fact that it is not shown by the record when the offence was committed.

Whilst the allegations in an indictment, of time and place, are not material to be proved as laid, except in those cases where they are essential either to the jurisdiction of the court or to specify the character of the offence,— as, for example, when the right time is material to the crime in burglary (3 Greenl. on Ev., sect. 12), — still we know of no authority for entirely dispensing with proof of the date at which an offence was committed.    There are many cases where proof might be made of the commission of an offence either before or after the date laid in the indictment, but even in those cases it is believed the law does not allow so great latitude as to go beyond, or rather behind, the period at which limitation would bar the offence.

In the record before us, it seems that in stating the testimony of one of the State's witnesses we find the following, which is the only mention or allusion in the testimony whatever as to the date of the commission of the offence. After testifying as to the facts of the cause, he is represented as having said, " This was in Uvalde County, on the —— day of ——, 187–." If this statement can be said to fix any date at all, it places it at a time when the offences would be barred by limitation.    It is evident, however, that it was

intended to fix the date, and that blanks were left for that purpose, with the intention to fill the blanks with the true date ; which appears to have been entirely neglected. And because it is not shown by the evidence that the offence was committed at any time within which limitation would not have barred the prosecution, the conviction must be set aside for the want of evidence to support it.

Other errors are assigned, but as they are either not well taken, or are not likely to arise on another trial, it is needless to discuss them. The charge of the court seems to have properly submitted to the jury the general law of the case, including the question of mistake set up by the defendant in his evidence.

For the defect in the proof as above indicated, the judgment will be reversed, and the case remanded for a new trial.

*Reversed and remanded.*